UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLLIE BLEDSOE, JR., | Case No. CV14-0301-SVW (DTB) |
| Petitioner, | |
| vs. | ORDER TO SHOW CAUSE |
| MARTIN BIBER, Warden, | |
| Respondent. | |

On January 14, 2014, petitioner, through counsel, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") along with an Addendum ("Pet. Add.") herein. The Petition purports to be directed to a 2005 conviction sustained by petitioner in Los Angeles County Superior Court. (See Pet. at ¶ 2; Pet. Add. at 2.) In the Petition, petitioner purports to be raising three grounds for relief. (See Pet. at ¶ 8(a-c).)

Based on its review of the Petition as well as information derived from the California Appellate Courts website[1], it appears to the Court that the Petition is time barred. Accordingly, on or before **March 14, 2014**, petitioner is ORDERED to show

///

---

[1] http://appellatecases.courtinfo.ca.gov/index.html

1

cause in writing (if any he has) why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness.[2]

**THE TIME BAR ISSUE**

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997).[3] 28 U.S.C. § 2244(d) provides:

> "(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>    (A)  the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution

---

[2] The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

[3] Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

>or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

From a review of the Petition, as well as the California Appellate Courts website, it appears that the underlying judgment of conviction was rendered in May 2005. (Pet. Att. at 2.) Petitioner appealed the underlying judgment of conviction to the California Court of Appeal, which subsequently affirmed in part and reversed in part the judgment on April 27, 2007. Thereafter, petitioner filed a Petition for Review in the California Supreme Court on or about June 1, 2007 which was denied on August 8, 2007. According to the Petition, following the partial reversal by the Court of Appeal, the trial court resentenced petitioner, and, thereafter, certain counts were reversed. Petitioner appealed the amended sentence and judgment of conviction to the Court of Appeal, which affirmed the judgment on December 8, 2009. (Pet. Add. at 3; California Appellate Courts website.) Petitioner thereafter filed a Petition for Review in the California Supreme Court on January 8, 2010, which was denied on February 10, 2010. While his second appeal was pending, petitioner filed a habeas petition with the Court of Appeal on May 21, 2009. The Court of Appeal denied this petition on December 17, 2009. Thereafter, on January 14, 2013, petitioner filed a habeas petition with the California Supreme Court, after becoming aware of facts that he did not have full knowledge and control over until 2013. The California Supreme

///

1  Court denied this petition on April 13, 2013. The instant Petition was filed herein on
2  January 14, 2014.
3         Thus, "the date on which the judgment became final by conclusion of direct
4  review or the expiration of the time for seeking such review" was May 11, 2010,
5  when the 90-day period for petitioner to petition the United States Supreme Court for
6  a writ of certiorari regarding his second direct appeal expired. See Bowen v. Roe,
7  188 F.3d 1157, 1158-59 (9th Cir. 1999); Beeler, 128 F.3d at 1286 n.2. Therefore, for
8  purposes of 28 U.S.C. § 2244(d)(1)(A), petitioner's judgment of conviction "became
9  final by conclusion of direct review or the expiration of the time for seeking such
10 review" on May 11, 2010, and his one-year limitations period under the AEDPA
11 expired on May 11, 2011, absent either a late-trigger date or a basis for tolling of the
12 statute.
13        From the face of the Petition, it does not appear that petitioner has any basis for
14 contending that he is entitled to a later trigger date under § 2244(d)(1)(B). Nor does
15 it appear that petitioner has a basis for contending that any of his claims is based on
16 a federal constitutional right that was initially recognized by the United States
17 Supreme Court subsequent to the date of his conviction became final and that has
18 been made retroactively applicable to cases on collateral review, as provided in §
19 2244(1)(C). Finally, it appears that petitioner has no basis for contending that he is
20 entitled to a later trigger date under § 2244(d)(1)(D) since petitioner was aware of the
21 **factual** predicate of his claims as of the date his petition for review was denied. See
22 Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations
23 begins to run when a prisoner "knows (or through diligence could discover) the
24 important facts, not when the prisoner recognizes their legal significance").
25        Thus, unless a basis for tolling the statute existed, petitioner's last day to file
26 his federal habeas petition was May 11, 2011. See Patterson v. Stewart, 251 F.3d
27 1243, 1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.
28 / / /

28 U.S.C. § 2244(d)(2) provides:

> "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In <u>Nino v. Galaza</u>, 183 F.3d 1003 (9th Cir. 1999), the Ninth Circuit construed the foregoing tolling provision with reference to California's post-conviction procedures. The Ninth Circuit held that "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." <u>See</u> <u>id</u>. at 1006. <u>Accord</u>, <u>Carey v. Saffold</u>, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002) (holding that, for purposes of statutory tolling, a California petitioner's application for collateral review remains "pending" during the intervals between the time a lower state court denies the application and the time the petitioner files a further petition in a higher state court). However, the statute of limitations is not tolled during the interval between the date on which the judgment of conviction became final and the filing of the petitioner's first collateral challenge. <u>See</u> <u>Nino</u>, 183 F.3d at 1006.

Petitioner's Petition for Review to the California Supreme Court was denied February 10, 2010, and his conviction became final 90 days later, on May 11, 2010. Petitioner's habeas petition filed with the California Court of Appeal on May 21, 2009, was filed and denied prior to his filing of a Petition for Review in the California Supreme Court. Because the habeas petition filed with the Court of Appeal was filed and denied prior to May 11, 2010, the date upon which his underlying conviction became final and upon which the limitation period commenced, it was ineffectual for purposes of tolling the statute of limitations, since the limitation period must have first commenced before it could be tolled. <u>Waldrip v. Hall</u>, 548 F.3d 729, 735 (9th Cir. 2008) ("Since [petitioner's state habeas petition] was denied before [AEDPA

limitation] period had started to run, it had no effect on the timeliness of the ultimate federal filing."); see also Williams v. Dexter, 649 F. Supp. 2d 1055, 1060 (C.D. Cal. 2009).  Thereafter, petitioner's conviction became final on May 11, 2010, and the limitations period expired one year later.  Once the AEDPA limitations period lapsed on May 11, 2011, it could not be reinitiated.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001); Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000).  Thus, it appears there is no basis for statutory tolling of the limitations period with respect to the Petition.

In Holland v. Florida, _U.S._, 130 S. Ct. 2549 (2010), the Supreme Court held that the timely filing of a habeas petition was not jurisdictional, but rather was subject to equitable tolling.  If petitioner intends to rely on the equitable tolling doctrine for purposes of arguing that his federal habeas petition is timely, he will need to include with his Response to this Order to Show Cause a declaration under penalty of perjury stating facts showing (1) that he has been pursuing hi rights diligently, and (2) that some "extraordinary circumstances" beyond petitioner's control stood in his way and/or made it impossible for him to file the Petition on time.  See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see also Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006); Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).

DATED: February 14, 2014

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE